**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MIDWEST MARKETING COMPANY, INC., et al., | |
| Plaintiffs, | No. 11 C 7786 |
| | Judge James B. Zagel |
| v. | |
| QUALITY PRODUCE SUPPLIERS, INC., et al., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Midwest Marketing Company, Inc. ("Midwest") and Ruby Robinson Co., Inc. ("Ruby"), Intervening Plaintiffs Bushmans Inc. ("Bushmans"), H.C. Schmieding Produce Co., Inc. ("Schmieding"), and Great Lakes Produce & Marketing, LLC ("Great Lakes") (collectively, "Midwest Plaintiffs"), and consolidated Plaintiff Leathers Melon Company, Inc. ("Leathers") (together, the Midwest Plaintiffs and Leathers are referred to as the "Plaintiffs") request clarification of the Memorandum Opinion and Order entered on December 19, 2013 [Doc. 184] (the "Opinion and Order"). Specifically, Plaintiffs seek clarification regarding whether the Court can find summary judgment against Patsy Srum for disgorgement of Quality Produce Suppliers, Inc. ("Quality") trust assets that Mrs. Srum paid to herself, her husband, and/or for her benefit.

It is undisputed that Defendant Patsy Srum paid herself or received $10,839.11 of Quality trust assets. Patsy Srum asserts that these funds were paid as compensation and/or reimbursement of personal expenses from July 2011 through November 2011. *See* Exhibits H-1, H-2, and I. Additionally, Patsy Srum issued and signed over ninety (90) Quality checks during 2010 and 2011 that totaled in excess of $86,000. *Id.* Plaintiffs contend that Patsy Srum must be

1

disgorged of all trust assets she improperly received between July 2011 and November 2011, totaling $10,839.11, while PACA trust creditors went unpaid because she is not a bona fide purchaser.

Plaintiffs argue that only a bona fide purchaser may retain PACA trust assets without liability to trust beneficiaries, and that Patsy Srum has not raised this as a defense. A party is a bona fide purchaser if: 1) the recipient must take the trust assets for value; and 2) without actual or constructive knowledge that the transfer was made in breach of the PACA trust. Under general principles of trust law, "in the PACA context, a duty of inquiry arises when a third party transferee has knowledge that a produce purchaser/trustee is not paying produce suppliers or is in financial difficulty." *Consumers Produce Co., Inc. v. Volante*, 16 F.3d 1374 (3d Cir. 1994). A third party has notice of a breach of trust not only when he actually knows of the breach, but also when he should have known of it. That is, a third party should have known of a breach of trust when facts under the circumstances would lead a reasonably intelligent and diligent person to inquire whether the trustee is a trustee and whether he is committing a breach of trust. Restatement (Second) of Trusts, § 297, Comment A.

Plaintiffs assert that Patsy Srum was a corporate officer with a company checkbook issuing checks on a regular basis, and so, she should have made a reasonable inquiry into whether produce suppliers had been paid. Patsy Srum contends, however, that she had no role and never took any action in monitoring whether Quality was paying its produce suppliers in a timely manner. Ex. C, Patsy Srum Answers to Leathers Interrogatories, Nos. 15-16. She further asserts that she did not become aware that Quality was not paying its produce suppliers and that Quality was closing until November or December 2011 when she was informed by Richard Srum. At that time, Patsy Srum was notified that her services to the Company were no longer

needed and she ceased performing work for Quality.

This Court previously held that the extent to which Patsy Srum had control over trust assets—specifically, whether Patsy Srum had authority to issue checks without direct authority from Richard Srum—is a material fact in dispute. Similarly, Patsy Srum's involvement in Quality's financial operations, such that she had knowledge—or should have known—that Quality was not paying produce suppliers or that Quality was in financial difficulty, is a material factual question in dispute. For the foregoing reasons, summary judgment is denied.

ENTER:

James B. Zagel
United States District Judge

DATE: March 19, 2014